BYRNES, Judge.
This is an appeal from a judgment against the City of New Orleans awarding damages to appellee, Drew Parramore, as a result of an automobile accident involving Parramore and a city police officer. We affirm. The facts of the case are as follows:
On July 29, 1980 Parramore was traveling south on Saint Roch Avenue in New Orleans, a divided street with a neutral ground. Parramore made a left turn at a break in the neutral ground at Law Street. As he approached the far side of the neutral ground his view of traffic traveling north on Saint Roch was blocked by tall weeds and grass growing there. As he proceeded across Saint Roch, Parramore’s vehicle was struck by a police car being operated by Officer Martin of the city police force.
Parramore sued the City and Officer Martin based on negligence and later supplemented his petition to also allege strict liability on the part of the City based on the defective condition of the neutral ground. Suit was also filed by the police officer against Parramore but that suit was settled before trial and does not form part of this appeal. The trial court ruled in favor of Parramore based on strict liability for the defective condition of the neutral ground. The City has appealed, urging that the cause of the accident was not the condition of the neutral ground but Mr. Parramore’s failure to stop for a longer period before proceeding across St. Roch Ave. The City argues that this constituted victim fault sufficient as to exonerate the City from liability under C.C. Art. 2317. We do not address this issue because we find that Officer Martin’s negligence was the cause of the accident.
There was a dispute in the trial court as to whether or not Officer Martin had sounded his siren or turned on his emergency lights as he proceeded down St. Roch Ave. before striking Parramore. The City argues that Officer Martin used both lights and sirens and that appellant was therefore at fault in failing to yield to Martin’s vehicle.
Mr. Parramore and Harold Irvin, a witness to the accident, both testified that neither lights or sirens on Officer Martin’s car were operating at the time of the accident. Officer Martin testified that both were used. Another officer, who arrived at the scene after the accident, testified that he turned off the police lights in Officer Martin’s ear.
The trial judge evidently chose to believe the plaintiff and his witness. This is a credibility evaluation which is best left to *88 the trial judge and should not be disturbed on appeal absent manifest error. We find no such error here and therefore find that the negligence of Officer Martin in not using his siren or lights as he proceeded across St. Roch Avenue was the cause of the accident.
We further conclude that Mr. Parramore was not negligent. The evidence establishes that he stopped for a short but reasonable amount of time before proceeding down St. Roch Avenue. His view of Officer Martin’s car was blocked by the tall grass on the St. Roch neutral ground and the failure of the officer to use either audible or visual signals prevented Mr. Parramore from otherwise becoming aware of the approaching vehicle. Under these circumstances we cannot say that Mr. Parramore’s conduct was negligent.
For the foregoing reasons the judgment in favor of appellant is affirmed.
All costs of this appeal are to be borne by the appellee.
AFFIRMED.
KLEES, J., dissents with reasons.